UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASPER F. WILSON, | No. 2:15-cv-01481-AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY A. BEARD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), plaintiff has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. ECF No. 2.

**I.    Application to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure ' 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. Screening Order

In his complaint, plaintiff alleges that the named defendants have violated his constitutional rights by cancelling one of his prison grievance appeals. ECF No. 1 at 25-26. He claims that this cancellation: (1) violated his First Amendment rights by "chilling" the exercise of a potentially meritorious conditions of confinement claim; (2) violated his Fourteenth Amendment right to due process; and (3) violated his Sixth Amendment rights by "chilling" the testimony of unspecified inmate witnesses who would otherwise have corroborated his condition of confinement claims. Id. at 24-26. He also claims that defendants' cancellation of this grievance was an act of "adverse retaliation." Id. at 25. These allegations do not state a viable claim.

#### A. First Amendment Claim

Inmates have a First Amendment right to file grievances against prison officials without being retaliated against. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). To establish retaliation, a plaintiff must allege that: (1) he engaged in protected conduct; (2) the defendant(s) took adverse action against the plaintiff; (3) there was a causal connection between the adverse action and the protected activity; (4) the adverse action would chill a "person of ordinary firmness" from taking future protected activity; and (5) the adverse action did not advance legitimate correctional goals. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).

Prison regulations provide legitimate reasons for cancelling an inmate's grievance appeal. See Cal. Code Regs., tit. 15, § 3084.6(c). The documents attached to the complaint indicate that the appeal in this case was cancelled due to plaintiff's failure to meet deadlines for timely submission. ECF No. 1 at 39. This stated reason is not dispositive of whether the denial was retaliatory or not, but its existence does mean that plaintiff cannot establish retaliation simply by the pointing to the fact of cancellation. Grievance decisions that are simply adverse or wrong do not support a First Amendment claim. See Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 U.S. Dist. LEXIS 14598, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) ("Even assuming

that Plaintiff proves all the relevant facts in his favor, that he had legitimate grievances that were erroneously denied or ignored, the First Amendment does not guarantee any particular form of redress for those grievances."). Instead, plaintiff must specifically allege that defendants' decision to deny his grievance was retaliation for some protected conduct. He has failed to do so.

To the extent plaintiff is alleging that defendants denied him access to the courts by cancelling his grievance, that claim is also not sufficiently developed. To succeed on an access to courts claim, plaintiff must allege that he suffered an actual injury. See Lewis v. Casey, 518 U.S. 343, 352-53 (1996). He has not done so here. Plaintiff does not allege, for instance, that he attempted to pursue his Eighth Amendment conditions of confinement claims in federal court and was unable to do so because of his failure to exhaust administrative remedies. The court notes that, even if he did bring such a suit, he would be entitled to argue that his administrative remedies were unavailable due to defendants' actions. See Ross v. Blake, 136 S. Ct. 1850, 1855 (2016) ("A prisoner need not exhaust remedies if they are not 'available.'").

**B. Fourteenth Amendment Claim**

Plaintiff's due process claim is not cognizable. The Ninth Circuit has held that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

**C. Sixth Amendment Claim**

Plaintiff's Sixth Amendment claim based on the "chilling" of other inmate witnesses fails. The Sixth Amendment only guarantees an accused certain rights in a criminal prosecution. U.S. Const. Amend. VI. It is inapplicable to civil actions like the immediate case or any future suit which plaintiff might file based on his conditions of confinement.

**IV. Leave to Amend**

Plaintiff will be granted leave to file an amended complaint in which he can reattempt to allege a cognizable legal theory against a proper defendant and sufficient facts in support of that theory. Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

4

Should plaintiff choose to file an amended complaint, the amended complaint must clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Lengthy, unbroken paragraphs can be difficult to read when handwritten and plaintiff would do well to avoid them wherever possible.

**V.     Summary of the Order**

You are being granted in forma pauperis status and will not have to pay the entire filing fee immediately.

The current complaint does not state a valid claim and is being dismissed. Retaliation

5

claims cannot succeed if they are not specific. Prisoners cannot establish retaliation simply by claiming that grievance decisions were unfavorable or wrong. It must be alleged that prison officials made unfavorable decisions to retaliate against a prisoner for engaging in protected conduct. You have not done so in sufficient detail here.

Additionally, the Fourteenth and Sixth Amendment claims in the complaint rest on incorrect interpretations of the law and are being dismissed on that basis.

You are being afforded an opportunity to submit an amended complaint in which you can address the problems mentioned above. You should submit that complaint to the court within thirty days of this order's filing date.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint (ECF No. 1) is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: May 2, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE