UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASPER F. WILSON,

    Plaintiff,

v.

JEFFREY A. BEARD, et al.,

    Defendants.

No. 2:15-cv-01481 AC P

ORDER

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. Defendants' motion to dismiss (ECF No. 20) has been fully briefed and is currently under submission. Also outstanding are plaintiff's motion to declare defendants legally incompetent (ECF No. 31) and plaintiff's motion for sanctions (ECF No. 34). The court here addresses plaintiff's motions.

I.     MOTION TO DECLARE DEFENDANTS LEGALLY INCOMPETENT

    A.     Background

On February 9, 2018, plaintiff filed a motion for defendants to be declared legally incompetent with respect to their abilities to do their jobs as well as with respect to their attorney-client relationships. See ECF No. 31. Specifically, plaintiff contends that defendants should be declared legally incompetent because: (1) they have retained counsel to defend them in this matter, and (2) defendants contend in the motion to dismiss that a reasonable officer would not

1

1 | have known that plaintiff's three-hour placement in an unsanitary management cell unequivocally
2 | violated his Eighth Amendment rights (see ECF No. 20 at 12).  ECF No. 31 at 2-5.

      B.      Plaintiff's Arguments in Support of Motion

Plaintiff states that "ignorance of the law is no excuse," and that his complaint "invoked" the statement that "all persons are presumed to know the law."  See ECF No. 12 at 5. Accordingly, he argues that (1) defendants' retention of the Office of the Attorney General to defend them, and (2) defendants' statement in the motion to dismiss that a reasonable officer would not have known that his three-hour placement in an unsanitary management cell violated his Eighth Amendment rights (see ECF No. 20 at 12-13) both render defendants incompetent. See ECF No. 31 at 2-4.  Plaintiff reasons that (1) persons who associate counsel are presumed to be "wards of the court," and as such, their incompetence is presumed, and (2) it is "presumed that . . . each defendant has been trained to know the . . . regulations governing conditions of confinement pursuant to [the California Code of Regulations, Title 15]."  See ECF No. 31 at 2-5 (internal quotation marks omitted) (brackets added).

      C.      Discussion

           1.      Association of Counsel Argument

In support of plaintiff's argument that individuals who associate counsel are wards of the court and as such, are presumptively incompetent (see ECF No. 31 at 5-6), he cites Hale v. Ward, 201 U.S. 43 (1906).  However, Hale stands for no such proposition.  The issues considered by the Court in Hale were (1) whether a witness could be immune from oral examination, and (2) whether Hale's refusal to produce subpoenaed documents was legal.  See Hale, 201 U.S. at 58 (court summarizing issues to be considered).  Plaintiff's references to United States v. Johnson, 76 F. Supp. 538 (1947) and McAlister v. Henkel, 201 U.S. 90 (1906) are likewise inapposite.  See generally Johnson, 76 F. Supp. at 539-40 (immunity from prosecution, production of documents); see also McAlister, 201 U.S. at 90-91 (immunity from self-incrimination).  The court is aware of no authority that supports plaintiff's theory of presumed incompetence of a party due to association of counsel.  Consequently, this argument fails.

////

### 2. Reasonable Officer's Knowledge Argument

Plaintiff's incompetence theory based on defendants' assertion of qualified immunity (see ECF No. 31 at 2-5) is also without merit. Plaintiff cites several California regulations and argues that defendants are heartily familiar with them. See ECF No. 31 at 4-5 (citing to Cal. Code of Reg., tit. 15 §§ 3004(a)(b), 3060, 3061, 3064, 3332(a)(b)(d) and (f), 3271, 3343(m) et seq.). While these regulations generally appear to outline the proper treatment of inmates and sanitation standards in prison, none of the regulations have any relevance to a party's competence. Whether these regulations provided sufficient notice to defendants that their actions during plaintiff's three-hour detention violated plaintiff's Eighth Amendment rights is a matter to be decided in the court's adjudication of defendants' motion to dismiss. For these reasons, plaintiff's motion to declare defendants legally incompetent will be denied.

## II. MOTION FOR SANCTIONS

Plaintiff seeks sanctions on the ground that defendants failed to file a timely reply to plaintiff's opposition to defendants' motion to dismiss. This motion will also be denied.

On February 1, 2018, the court granted defendants' motion for an extension of time up to and including March 2, 2018, to file a reply to plaintiff's opposition to defendants' motion to dismiss. See ECF Nos. 29, 30. Defendants filed their reply on March 1, 2018. ECF No. 33. Therefore, defendants' reply was timely filed. Consequently, plaintiff's request for sanctions is moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to declare defendants legally incompetent (ECF No. 31) is DENIED, and

2. Plaintiff's motion for sanctions (ECF No. 34) is DENIED as moot.

DATED: July 9, 2018

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE