UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASPER F. WILSON,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY A. BEARD, et al.,<br><br>Defendants. | No. 2:15-cv-1481 MCE AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court are plaintiff's motions for the temporary appointment of counsel and for a sixty-day extension of time to file an opposition to defendants' motion for sanctions. ECF Nos. 57, 58. For the reasons stated below, the court will deny plaintiff's motion for the temporary appointment of counsel, and it grant an extension of time to file an opposition to defendants' motion for sanctions.

I.     PLAINTIFF'S MOTION TO APPOINT COUNSEL

On November 1, 2019, plaintiff filed a motion for the temporary appointment of counsel. ECF No. 57. In support of the motion, plaintiff states: (1) he is unable to afford counsel; (2) his imprisonment will greatly limit his ability to litigate this action; (3) opposing defendants' motion

1

for sanctions will require significant research and investigation; (4) he has very limited access to the prison law library; (5) only temporary counsel may be able to establish the authenticity and/or lack thereof of proffered declarations and/or evidence of all parties; (6) appointed counsel would be better equipped to conduct a trial; and (7) appointed counsel could assist him with establishing the truth regarding his allegations that some witnesses have perjured themselves. See id. at 1-5. Defendants oppose plaintiff's request. See ECF No. 61.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

This matter has been on the court's docket since July 2015. See ECF No. 1. To date, plaintiff has managed to litigate it adequately without assistance from appointed counsel. Plaintiff readily admits this. See ECF No. 57 at 5 (plaintiff stating he is "competent enough to present his own case[] and has done so up and until the defendants' notice of motion and motion for sanctions . . . was served."). Moreover, the fact that this action has survived defendants' motion to dismiss (see ECF Nos. 20, 41, 45) further supports plaintiff's ability to litigate this action satisfactorily, and it also indicates that success on the action's merits is within the realm of possibilities. See generally Wilborn, 789 F.2d at 1331; Weygandt, 718 F.2d at 954. For these reasons, plaintiff's motion for the appointment of temporary counsel will be denied.

////

II.     PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME

On November 1, 2019, plaintiff also filed a motion for a sixty-day extension of time, up to and including January 8, 2020, to file an opposition to defendants' motion for sanctions. See ECF No. 58 at 5. Defendants do not oppose this request. See ECF No. 60 at 3 n.2. The court will grant plaintiff's motion for an extension of time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the temporary appointment of counsel, ECF No. 57, is DENIED;

2. Plaintiff's motion for an extension of time to file an opposition to defendants' motion for sanctions, ECF No. 58, is GRANTED; and

3. Plaintiff's opposition to the sanctions motion, ECF No. 59, is now due January 8, 2020. In light of the generous amount of time provided, no additional extensions of time will be granted absent exigent circumstances.

DATED: November 13, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE